UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL G. ISAAC, | No. C-13-3007 EMC (pr) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| RICK HILL, Warden, | |
| Respondent. | |

## I. INTRODUCTION

Petitioner, an inmate at Folsom State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II. BACKGROUND

The petition and attachments provide the following information: Petitioner pled no contest and was convicted in Sonoma County Superior Court of obstructing/resisting arrest by an executive officer and burglary with an enhancement for use of a firearm. *See* Cal. Penal Code §§ 69, 459, 12022.5. On May 26, 2011, he was sentenced to a total of ten years and eight months in prison. Petitioner appealed his conviction; the California Court of Appeal affirmed the judgment of conviction and the California Supreme Court denied his petition for review in 2012. Petitioner also filed an unsuccessful petition for writ of habeas corpus in state court. He then filed this action.

## III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The petition alleges two claims: (1) Petitioner received ineffective assistance of counsel in that counsel refused to file a motion to withdraw the no-contest plea and failed to obtain a certificate of probable cause to appeal, and (2) the trial court improperly denied Petitioner's *Marsden* motion to substitute counsel. Liberally construed, the claims are cognizable in a federal habeas action.

Petitioner has requested that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel at this time. The requests for appointment of counsel are **DENIED**. (Docket # 6 and # 10.)

Petitioner asks the court to take judicial notice of three documents from his prison file – specifically, an education progress report, a psychotropic medication consent form, and a heat risk medication consent form. The request for judicial notice is **DENIED**. (Docket # 9.) Petitioner's request for judicial notice reflects a fundamental misunderstanding of the judicial notice process and erroneous belief that it is the normal way to present evidence to a court. A federal court can judicially notice facts that are not subject to reasonable dispute in that they are generally known within the territorial jurisdiction of the court or they are capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). A prisoner's educational progress and health care are not the sort of facts of which judicial notice may be taken

because they are not facts generally known within the Court's territorial jurisdiction or that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The usual way for a litigant to present documentary evidence is to attach the documents to a declaration that authenticates the documents. Evidence and declarations usually are submitted in connection with a motion by or against the litigant. Although the Court will not judicially notice the three submitted documents or the facts they purport to show, the Court has considered them in evaluating Petitioner's requests for appointment of counsel.

### IV.   CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **February 14, 2014**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **March 14, 2014**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the Court for consideration in this case.

7. Petitioner's *in forma pauperis* application is **GRANTED**. (Docket # 1.)

///

///

3

8. Petitioner's requests for appointment of counsel are **DENIED**. (Docket # 6 and # 10.)

9. Petitioner's request for judicial notice is **DENIED**. (Docket # 9.)

IT IS SO ORDERED.

Dated: December 11, 2013

                                              EDWARD M. CHEN
                                              United States District Judge