UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ISAAC,<br><br>    Petitioner,<br><br>  v.<br><br>RICK HILL, et al.,<br><br>    Respondent. | Case No. 13-cv-03007-JD<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY AND RECLASSIYING CASE**<br><br>Re: Dkt. No. 20 |

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The Court ordered respondent to show cause why the writ should not be granted. Respondent filed an answer and a memorandum of points and authorities in support of it, and lodged exhibits with the Court. The petition is denied.

**BACKGROUND**

On March 17, 2011, pursuant to a negotiated plea agreement, petitioner entered a no contest plea in two Sonoma County cases. *People v. Isaac*, No. A132378, 2012 WL 3055420, at *1 (Cal. Ct. App. July 27, 2012). Petitioner was sentenced to ten years and eight months in state prison. *Id*. at 2. The California Court of Appeal affirmed the conviction. *Id*. at 4. Petitions to the California Court of Appeal and California Supreme Court were denied. Resp. Exs. 5-9.[1]

**STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable

---

[1] The facts of the underlying crimes are not relevant to the claims in this petition, but can be found in the California Court of Appeal opinion.

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *See Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000). Moreover, in conducting its analysis, the federal court must presume the correctness of the state court's factual findings, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The state court decision to which § 2254(d) applies is the "last reasoned decision" of the state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the Court looks to the last reasoned opinion. *See Nunnemaker* at 801-06; *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). The standard of review

2

under AEDPA is somewhat different where the state court gives no reasoned explanation of its decision on a petitioner's federal claim and there is no reasoned lower court decision on the claim. In such a case, a review of the record is the only means of deciding whether the state court's decision was objectively reasonable. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003); *Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir. 2000). When confronted with such a decision, a federal court should conduct an independent review of the record to determine whether the state court's decision was an objectively unreasonable application of clearly established federal law. *Himes*, 336 F.3d at 853; *Delgado*, 223 F.3d at 982.

## DISCUSSION

As grounds for federal habeas relief, petitioner asserts that: (1) counsel was ineffective for refusing to file a motion to withdraw the plea and for failing to obtain a certificate of probable cause; and (2) the trial court erroneously denied his motion to substitute counsel at a *Marsden* hearing.[2]

I.    INEFFECTIVE ASSISTANCE OF COUNSEL

A.    Legal Standard

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id*.

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland*, 466 U.S. at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A

---

[2] *People v. Marsden*, 2 Cal. 3d 118 (1970).

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The benchmark for judging any claim of ineffectiveness is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id*. at 686.

**B.      Analysis**

> The California Court of Appeal set forth the general background regarding the plea:
>> After the case had been set for trial many times, on March 17, 2011, in a negotiated plea agreement defendant entered no contest pleas in both cases: in case number SCR-552115, to burglary (Pen. Code, § 459) and a firearm use enhancement (Pen. Code, § 12022.5), with a sentencing range of a minimum of five to a maximum exposure of 16 years in state prison; in case number SCR-552981, to resisting an executive officer by threat, force or violence (Pen. Code, § 69), with a specified consecutive term of eight months. FN2 The pleas specified that probation "will be denied."
>>      FN2. Additional charges in case number SCR-552115 were dismissed.
>> On May 4, 2011, defendant moved pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), to relieve his appointed counsel and pursue withdrawal of his no contest plea.  At a closed hearing defendant asserted that counsel refused to confer with him, failed to disclose evidence to him, and "misled" him as to his potential state prison term and the immigration consequences of the plea.  When questioned, counsel recounted for the trial court his preparation for trial, his many conferences with defendant, the evidence he presented to defendant, his discussions of the plea offer and sentencing range, specifically his admonishment to defendant that "probation was going to be precluded" by the plea, and his explanation to defendant "that he would, in fact be deported" if he was sentenced to state prison.  Counsel also stated that he was "ready, willing and able to go to trial" in the case, and had not encouraged defendant to accept the plea offer, but felt the offer was in defendant's best interests.
>> At a continued *Marsden* hearing two days later, defendant indicated that he was seeking to retain private counsel, so the hearing was further continued.  By May 16, 2011, defendant advised the court that he did not hire private counsel, and wanted to proceed with the *Marsden* motion to appoint substitute counsel.  Defendant reiterated his complaints with his appointed attorney, particularly the failure of counsel to assist with withdrawal of his plea.  He also indicated that if counsel refused to move to withdraw his plea, he wanted to "go ahead and file the motion" himself.  The court advised defendant that if his *Marsden* motion was denied, he could seek to represent himself.  Counsel responded that he advised defendant "there was no legal basis to withdraw the plea," and "it wouldn't be in his best interest" to do so.  At the conclusion of the hearing the court denied the *Marsden* motion.
>> Defendant did not thereafter bring a motion to represent himself or a motion to vacate the plea.  The sentencing hearing was conducted on May 26, 2011.  The trial court denied probation and imposed an

4

>aggregate state prison term on defendant of 10 years and 8 months, computed as follows: the aggravated term for burglary of six years; a consecutive middle term of four years for the firearm enhancement; and, a consecutive middle term of eight months for the offense of resisting an executive officer by threat, force or violence.

*Isaac*, 2012 WL 3055420, at *1-2.

This claim was denied without a reasoned opinion by the state courts, therefore this Court has conducted an independent review of the record to determine whether the state court's decision was an objectively unreasonable application of clearly established federal law. *Delgado*, 223 F.3d at 982. Petitioner argues that counsel was ineffective for failing to pursue a motion to withdraw the plea. Petitioner contends that counsel misadvised him about his eligibility for probation and the immigration consequences of his plea. The California Court of Appeal reviewed an in camera hearing held by the trial court with petitioner and his counsel, which indicated that counsel explained to petitioner the prison term and immigration consequences of the plea. At the change of plea hearing, petitioner stated that he understood he would be sentenced to a prison term from five to sixteen years. Reporter's Transcript ("RT") at 486. Petitioner also signed plea waiver forms that reflected the prison term and immigration consequences. Clerk's Transcript ("CT") at 192-95. As a result, counsel stated at the in camera hearing that there was no legal basis to file a motion to withdraw the plea. *Isaac*, 2012 WL 3055420, at *2. While not specifically addressing the ineffective assistance of counsel claim for failing to file a motion to withdraw the plea, the California Court of Appeal did find that the record did not establish any ground to support withdrawing the plea. *Id*. at *3.

Petitioner has failed to demonstrate that the California Supreme Court's denial of this claim was an unreasonable determination of Supreme Court authority or the facts of this case. Petitioner has not shown that counsel was deficient or that he suffered prejudice. The trial court also informed petitioner that he could file a motion to represent himself and a motion to withdraw the plea, but petitioner did not file any motions.

Nor has petitioner shown that counsel was ineffective for failing to file a request for a

5

certificate of probable cause to preserve the issue for appeal.[3] The state courts affirmed petitioner's conviction and found no meritorious issues. Counsel could not be ineffective for failing to seek a certificate of probable cause for meritless claims. The state court denial of petitioner's claim of ineffective assistance of counsel was not unreasonable, and this claim is denied.

## II. SUBSTITUTION OF COUNSEL

### A. Legal Standard

A criminal defendant who cannot afford to retain counsel has no right to counsel of his own choosing. *Wheat v. United States*, 486 U.S. 153, 159 (1988). Nor is he entitled to an attorney who likes and feels comfortable with him. *United States v. Schaff*, 948 F.2d 501, 505 (9th Cir. 1991). The Sixth Amendment guarantees effective assistance of counsel, not a "meaningful relationship" between an accused and his counsel. *Morris v. Slappy*, 461 U.S. 1, 14 (1983). The denial of an indigent criminal defendant's motion for substitution of counsel may nevertheless violate his Sixth Amendment right to counsel. *See Daniels v. Woodford*, 428 F.3d 1181, 1197-98 (9th Cir. 2005) (noting that test for determining whether court should have granted substitution motion is same as test for determining whether an irreconcilable conflict existed).

The denial of a motion to substitute counsel implicates a defendant's Sixth Amendment right to counsel and is properly considered in federal habeas. *Bland v. Cal. Dep't of Corr.*, 20 F.3d 1469, 1475 (9th Cir. 1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000) (en banc). The Ninth Circuit has held that when a defendant voices a seemingly substantial complaint about counsel, the trial judge should make a thorough inquiry into the reasons for the defendant's dissatisfaction. *Id*. at 1475-76.

---

[3] California Penal Code § 1237.5 states: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met:

    (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.

    (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

**B.     Analysis**

The factual background for this claim was set forth above, and this claim was denied by the California Court of Appeal on direct appeal:

> The denial of defendant's post-plea *Marsden* motion is cognizable on appeal, but was not error. (*People v. Oglesby* (2008) 158 Cal. App. 4th 818, 826; *People v. Vera* (2004) 122 Cal. App. 4th 970, 977.) Before denying the motion, the trial court properly granted appellant the opportunity to explain the specific reasons for seeking substitution of counsel. (*People v. Lucky* (1988) 45 Cal.3d 259, 281; *People v. Lewis* (1978) 20 Cal. 3d 496, 497; *People v. Sharp* (1994) 29 Cal. App. 4th 1772, 1786.) The motion was also properly denied. "'[T]he decision whether to permit a defendant to discharge his appointed counsel and substitute another attorney during the trial is within the discretion of the trial court, and a defendant has no absolute right to more than one appointed attorney.' [Citation.]" (*People v. Leonard* (2000) 78 Cal. App. 4th 776, 786.) The court is not obligated to appoint independent counsel absent adequate proof of need by the defendant. (*People v. Memro* (1995) 11 Cal. 4th 786, 858-859; *People v. Smith* (1993) 6 Cal. 4th 684, 696; *People v. Sharp*, *supra*, at p. 1786, *overruled on other grounds in People v. Martinez* (1995) 11 Cal. 4th 434, 452.) "The court should deny a request for new counsel at any stage unless it is satisfied that the defendant has made the required showing." (*People v. Smith*, *supra*, at p. 696; *Ng v. Superior Court* (1997) 52 Cal. App. 4th 1010, 1022-1023.) Appointment of substitute counsel is necessary, "when, and only when, . . . under the *Marsden* standard, . . . in the exercise of its discretion, the court finds that the defendant has shown that a failure to replace the appointed attorney would substantially impair the right to assistance of counsel [citation], or, stated slightly differently, if the record shows that the first appointed attorney is not providing adequate representation or that the defendant and the attorney have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result [citation]." (*People v. Smith*, *supra*, at p. 696; *see also People v. Fierro* (1991) 1 Cal. 4th 173, 204; *People v. Crandell* (1988) 46 Cal. 3d 833, 854; *People v. Leonard*, *supra*, at p. 786.) Defendant did not articulate adequate grounds to obtain substitution of counsel.

*Isaac*, 2012 WL 3055420, at *3.

The California Court of Appeal found that the trial court properly denied petitioner's *Marsden* motion, and petitioner has not shown that this decision was an unreasonable application of Supreme Court authority. The state court also stated, "[o]n the record before us we find that defendant was represented by competent counsel throughout the proceedings." *Isaac*, 2012 WL 3055420, at *4. Petitioner's allegations regarding counsel's actions prior to the plea were contradicted by counsel's statements at the *Marsden* hearing and by the transcript of the plea hearing and the plea documents that petitioner signed. The Court has already found that counsel

7

was not ineffective for failing to file a motion to withdraw the plea, nor has petitioner shown that the trial court erred by denying the motion for new counsel. The trial court made a thorough inquiry into the reasons for petitioner's dissatisfaction with his attorney but ultimately found there was no irreconcilable conflict and described the manner in which petitioner could file his own motion to withdraw the plea. The California Court of Appeal's denial of this claim was not unreasonable, and the claim is denied.

## III. CERTIFICATE OF APPEALABILITY

1. The petition for writ of habeas corpus is **DENIED** on the merits. A certificate of appealability will not issue. See 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent and close the file

2. Petitioner's motion to file a late traverse (Docket No. 20) is **GRANTED** and the Court has considered the filing.

3. The Clerk shall reclassify this action as a habeas case brought pursuant to 28 U.S.C. § 2254 (530 nature of suit code).

**IT IS SO ORDERED**.

Dated: December 2, 2014

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ISAAC,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>RICK HILL, et al.,<br><br>　　　　　Defendants. | Case No.　13-cv-03007-JD<br><br>**CERTIFICATE OF SERVICE** |

　　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　　That on 12/2/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Isaac ID: AH4756
California State Prison-Solano
P.O. Box 4000
#AH4756
Vacaville, CA 95696-4000

Dated: 12/2/2014

　　　　　　　　　　　　　　　　　　　　　　　Richard W. Wieking
　　　　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court


　　　　　　　　　　　　　　　　　　　　　　　By: *Lisa R. Clark*
　　　　　　　　　　　　　　　　　　　　　　　LISA R. CLARK, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　　　　Honorable JAMES DONATO

9